UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **WAHID RASOLI**, <br><br> *Individually and on behalf of All Others Similarly Situated*, <br><br> Plaintiff(s), <br><br> v. <br><br> **SPRING HOMECARE CORPORATION**, <br> 5101G Backlick Rd., Unit C27 <br> Annadale, VA 22003 <br><br> and <br><br> **SHAKIBA HAKAMI** <br> 7984 Sabina Ct. <br> Springfield, VA 22153 <br><br> Defendants. | Civil Action No. _____ <br><br> District Judge: _____ <br><br> Magistrate Judge: _____ <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, the Plaintiff Wahid Rasoli ("Plaintiff"), by and through his undersigned counsel, and moves this Honorable Court for judgment against the Defendants, Spring Homecare Corporation (the "Company") and Shakiba Hakami ("Ms. Hakami; the Company and Ms. Hakami, collectively, "Defendants"), for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). Plaintiff states the following as his claims against Defendants:

## OVERVIEW

1. Plaintiff brings claims to recover unpaid overtime compensation under the FLSA. He brings these claims on his own behalf, and as a collective action on behalf of all current or former

1

similarly situated home health aides and/or personal care assistants, who may choose to opt into this action under 29 U.S.C. § 216(b).

2. As described below, Defendants failed to pay Plaintiff and those similarly situated 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.  By doing so, Defendants violated the FLSA.

## PARTIES

3. Plaintiff is, and at all times relevant hereto has been, an adult resident of the Commonwealth of Virginia, specifically residing in Manassas Park, Virginia.

4. Plaintiff was a former employee of Defendants as a Home Health Aide ("HHA") and/or Personal Care Assistant ("PCA") for several years until May 16, 2022, the date Plaintiff resigned.

5. Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to be a party to the FLSA claims asserted.  Plaintiff's consent form is attached as **Exhibit A** and incorporated herein by such reference.

6. Plaintiff and those similarly situated are or were employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

7. The Company is a Stock Corporation incorporated in and existing under the laws of the Commonwealth of Virginia, State Corporation Commission Entity ID 07909914. The Company's principal office is located at 5101G Backlick Rd., Unit C27, Annadale, Virginia 22003, located in Fairfax County, Virginia.

8. The Company is a home health care agency that provides in-home health care services and related personal care assistant services for children and adults primarily in the Commonwealth of Virginia.

9. The Company is listed on Plaintiff's pay stubs.

10. The Company is or has been an enterprise engaged in commerce or in the production of goods or services for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produce for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.00 at all relevant times hereto.

11. Ms. Hakami is, and at all times relevant hereto has been, an adult resident of the Commonwealth of Virginia, specifically residing in Springfield, Virginia.

12. At all times, Ms. Hakami, individually, held a substantial ownership and financial interest in the Company and its business operations.

13. At all times, Ms. Hakami, individually, was the most senior officer and manager of the Company and had substantial control to make business decisions affecting the Company's business operations and the employees working for the Company.

14. Ms. Hakami oversaw and controlled the Company' employee's work schedules and work hours.

15. Ms. Hakami set and had the power to change the Company's employees rate and method of pay.

16. At all times, Ms. Hakami, decided to not pay the Company HHA/PCA employees at the FLSA required time-and-one-half rate for overtime hours employees worked over forty (40) each week.

17. At all relevant times hereto, Defendants have been an "employer" of both Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

18. Plaintiff and those similarly situated were individual employees engaged in commerce or in the production of goods or services for commerce pursuant to 29 U.S.C. § 207.

19. Plaintiff worked principally in Fairfax County, Virginia while working as an employee of

Defendants.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the FLSA.

21. This Court has personal jurisdiction over the Company because the Company is registered as a business entity in Commonwealth of Virginia, and regularly conducts business in the Commonwealth of Virginia.

22. This Court has personal jurisdiction over Ms. Hakami as she owns and operates the Company in the Commonwealth of Virginia and she resides in Springfield, Virginia.

23. Venue is proper in this District and Division under 28 U.S.C. § 1391(b), as Defendants both reside in this District and Division (Fairfax County), and 28 U.S.C. § 1391(b)(2), the latter because a substantial part of the events giving rise to the claims occurred in this District and Division.

## STATEMENT OF FACTS

24. Plaintiff and those similarly situated work or worked for Defendants as HHA/PCAs to provide companionship and related in-home care services for Defendants' clients.

25. Defendants knowingly caused and permitted Plaintiff and those similarly situated to regularly work more than forty (40) hours in workweeks.

26. At all times, Defendants decided to not pay Plaintiff and other similarly situated employees at the FLSA required time-and-one-half rate for overtime hours employees worked over forty (40) hours each week.

27. At all times, Defendants have had actual knowledge of all hours Plaintiff worked because Plaintiff's paystubs correctly stated all hours worked during the pay period.

28. Plaintiff and those similarly situated were not compensated in accordance with the FLSA

because they were not paid proper overtime wages and the required time-and-one-half rate for all hours more than forty (40) per workweek.

29. Specifically, rather than paying them at the time-and-one-half rate for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendants initially paid Plaintiff and those similarly situated only "straight time" (same hourly rate regardless of number of hours worked) for overtime hours worked over forty (40) hours per week. *See* 29 U.S.C. § 207.

30. More specifically, Defendants paid Plaintiff and those similarly situated "straight time" for overtime hours worked over forty (40) hours per week from at least July 15, 2019 through late 2020. An example of Plaintiff's paystub illustrating "straight time" is attached hereto as **Exhibit B** and incorporated herein by such reference.

31. The paystub in **Exhibit B**, dated August 21, 2020, for the 13 day pay period starting August 3, 2020 and ending August 16, 2020, illustrates that Plaintiff worked 98 hours in 13 days, which at worst consisted of 18 hours of overtime pay (assuming at least 40 hours per week over 2 weeks). Plaintiff's regular rate of pay identified therein was $12.00 per hour. Plaintiff, pursuant to the FLSA, should have received $18.00 per hour for the 18 hours of overtime pay. He did not. Plaintiff received his regular rate of pay at $12.00 per hour for those 18 hours of overtime in direct violation of the FLSA. Plaintiff is owed $6.00 for every overtime hour worked from January 15, 2019 through late 2020.

32. Beginning in late 2020, Defendants concocted a unique scheme to knowingly circumvent paying to Plaintiff and those similarly situated overtime correctly as required by the FLSA. This was an intentional and institutionalized structure which was overseen by Ms. Hakami.

33. Beginning in late 2020, Defendants began paying Plaintiff and those similarly situated an extra $2.00 per hour over their hourly rate for hours worked over forty (40) hours in a given week as

designated on the applicable paystub as "O/TIME – HRLY". As for Plaintiff, this meant that Plaintiff received $14.00 per hour for those hours over forty (40) hours worked in a given week as designated by Defendants as overtime hours. Such amount was still $4.00 per hour less than $18.00 per hour, the required statutory rate of time-and-a-half which the FLSA requires. Plaintiff is owed $4.00 per hour for every overtime hour designated as O/TIME – HRLY" from late 2020, when this scheme was implemented in place of "straight time" payments, through March 13, 2022.

34. In addition to paying Plaintiff and those similarly situated less than one-a-half-times their regular rate of pay through this concocted scheme, Defendants also implemented a new category of pay in late 2020 designated on its employees paystubs as "RESP – HRLY", representative of respite care services paid to the Company through Medicaid. This rate was set by Defendants at a rate $2.00 lower than Plaintiff's regular rate of pay. Such amount was $8.00 per hour less than $18.00 per hour, the required statutory rate of time-and-a-half which the FLSA requires. Plaintiff is owed $8.00 per hour for every overtime hour designated as "RESP – HRLY" worked from late 2020, when this scheme was implemented in place of "straight time" payments, through March 13 2022.

35. An example of Plaintiff's paystub illustrating the concocted scheme beginning in late 2020 is attached hereto as **Exhibit C** and incorporated herein by such reference.

36. The paystub in **Exhibit C**, dated October 16, 2020, for the 13 day pay period starting September 28, 2020 and ending October 11, 2020, illustrates that Plaintiff worked 128 hours in 13 days, which at worst consisted of 48 hours of overtime pay (assuming at least 40 hours per week over 2 weeks). Plaintiff's regular rate of pay identified therein was $12.00 per hour. Plaintiff, pursuant to the FLSA, should have received $18.00 per hour for the 48 hours of overtime pay, however classified. He did not. Plaintiff received $14.00 per hour for 18 overtime hours designated

as "O/TIME – HRLY" and a mere $10.00 per hour for 30 overtime hours designated as "RESP – HRLY", both in direct violation of the FLSA.

37. At all times during Plaintiff's period of employment, Defendants knew or should have known about the FLSA time-and-one-half overtime rate requirement.

38. Defendants knew or should have known that their failure to pay Plaintiff and those similarly situated at the FLSA required time-and-one-half rate for overtime hours worked more than (40) per week constituted a direct violation of the FLSA overtime pay requirement.

39. The exact reason that Defendants knew or should have known of all FLSA overtime pay requirements is because on August 20, 2020, Defendants were sued for essentially the same type of overtime violations under the FLSA by Ms. Fatma Karimova in this District Court, *Karimova v. Spring Homecare Corporation*, EDVA Civil Action No. 1:20-cv-00966, which was settled between the parties, as approved by this Court, and dismissed on December 30, 2020 ("Prior Lawsuit"). Defendants were represented by counsel in such lawsuit. Instead of correcting overtime violations moving forward, Defendants concocted their scheme during the Prior Lawsuit, still refusing to pay their employees the correct overtime rate despite actual knowledge thereof, and as discussed below, evolved the scheme subsequent to the Prior Lawsuit. Without further involvement by this Court, it is clear that Defendants will not cease their willful violations of the FLSA.

40. Beginning in or around March 2022, fourteen (14) months after the Prior Lawsuit settled, Defendants changed their payroll polices to correctly pay Plaintiff, at least, the correct overtime pay for every overtime hour designated as O/TIME – HRLY". Defendants, however, continued to pay Plaintiff incorrectly for hours designated as "RESP – HRLY". This adaptation is identified in the example paystub attached hereto as **Exhibit D** and incorporated herein by such reference.

41. The paystub in **Exhibit D**, dated April 1, 2022, for the 13 day pay period starting March 14, 2022 and ending March 27, 2022, illustrates that Plaintiff worked 147 hours in 13 days, which at worst consisted of 67 hours of overtime pay (assuming at least 40 hours per week over 2 weeks). Plaintiff's regular rate of pay identified therein was $13.00 per hour. Plaintiff, pursuant to the FLSA, should have received $19.50 per hour for the 67 hours of overtime pay, however classified. He did not. Plaintiff received $19.50 per hour for 32 overtime hours designated as "O/TIME – HRLY", but only received his regular rate of pay identified therein of $13.00 per hour for 35 overtime hours designated as "RESP – HRLY", again, in direct violation of the FLSA. Plaintiff is owed $6.50 per hour for every overtime hour designated as "RESP – HRLY" worked from March 14, 2022 through Plaintiff's last day of work, May 16, 2022.

42. Defendants, as of the date of this Complaint, have not paid Plaintiff or those similarly situated back wages to correct for their willful violations of the FLSA.

43. Defendants continue to willfully violate the FLSA. Defendants merely evolved their scheme in or around March 2022.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff brings this action individually and on behalf and all similarly situated individuals.

45. Plaintiff seeks certification of the following FLSA collective:

> All current or former Home Health Aides, Personal Care Assistants, or other similar job titles, who work or have worked for Defendants, and, at any time during the three years prior to the filing of this Complaint through the entry of judgment, worked more than forty (40) hours in a week and were not paid by Defendants at the time-and-one-half rate for overtime hours worked more than forty (40) in that week (the "FLSA Collective").

46. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of time-and-one-half an employee's regular rate of pay for hours worked over forty (40) in a workweek.

47. The FLSA contains an exemption from overtime for "domestic workers" who provide companionship and other services to individuals who were unable to care for themselves, and also states an exemption for live in domestic service workers. See 29 U.S.C. §§ 213(b)(21) and 213(a)(15).

48. In October 2013, the United States Department of Labor determined that these exemptions do not apply to domestic-service workers employed by third-party agencies or employers.

49. Beginning on January 1, 2015, the regulations provide that domestic-service workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements. 29 C.F.R. § 442.109(a).

50. As of January 1, 2015, all domestic-service workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 1.5 times the employee's regular rate of pay for hours worked over forty (40) in a work week.

51. Plaintiff and those similarly situated are domestic-service workers employed by the Company, which is a third-party agency. As such, Plaintiff and those similarly situated are not exempt from the FLSA.

52. Since July 2019, Plaintiff and those similarly situated have worked more than forty (40) hours per workweek for Defendants without receiving proper overtime compensation for their overtime hours worked.

53. Because of Defendants failure to pay Plaintiff and those similarly situated the overtime compensation required by law, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

54. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all

hours worked by employees over forty (40) per workweek.

## CAUSE OF ACTION

### UNPAID OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq*.
(On Behalf of Plaintiff and the FLSA Collective against Defendants)

55. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all paragraphs of this Complaint.

56. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a time-and-one-half rate of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

57. Pursuant to the FLSA, 29 U.S.C. § 213, at all relevant times, Plaintiff and those similarly situated were not "exempt employees" under the FLSA.

58. Defendants suffered and permitted Plaintiff and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq*. and its implementing regulations.

59. Defendants knew, or showed reckless disregard of the fact, that they failed to pay these individuals proper overtime compensation in violation of the FLSA.

60. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

61. Plaintiff and those similarly situated are entitled to unpaid overtime, liquidated damages, pre and post judgment interest, and attorney fees and costs, under the FLSA.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial for all issues triable by jury, including, but not limited to, those issues and

claims set forth in any amended complaint or consolidated action.

## RELIEF SOUGHT

**WHEREFORE**, the premises considered, Plaintiff, individually and on behalf of those similarly situated, respectfully prays for relief as follows:

A. An order permitting this case to proceed as a collective action under 29 U.S.C. § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgement against Defendants for violation of the overtime provisions of the FLSA;

C. Judgment that Defendants' violations of the FLSA were willful;

D. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

E. An award of pre- and post- judgment interest;

F. An award of reasonable attorneys' fees and costs to be determined by post-trial petition;

G. Leave to add additional plaintiffs by motion, filing of written consent forms, or any other method approved by the Court; and

H. Such further relief as the Court deems necessary and appropriate.

Dated: July 15, 2022                              Respectfully submitted,

                                                  By Counsel

                                                  /s/ _ Robert Powers_____
                                                  Robert Powers (VSB No. 80822)
                                                  Steven Anderson (VSB No. 93037)
                                                  MCCLANAHAN POWERS, PLLC
                                                  3160 Fairview Park Drive, Suite 410
                                                  Falls Church, VA 22042
                                                  Telephone: (703) 520-1326
                                                  Facsimile:  (703) 828-0205
                                                  Email: rpowers@mcplegal.com
                                                            sanderson@mcplegal.com

        vcaballero@mcplegal.com
*Counsel for Plaintiff and the FLSA Collective*

## CERTIFICATE OF TRANSMISSION

    I hereby certify that the forgoing COMPLAINT with EXHIBITS are being electronically transmitted via the CM/ECF system of the U.S. District Court for the Eastern District of Virginia at https://ecf.vaed.uscourts.gov/ on the date noted below. The requisite filing fee of $400.00 and any additional fees related to this matter are being charged to an American Express credit card concurrently with this filing.

Date: July 15, 2022        By:/s/ _Robert Powers_____
        One of the Attorneys for Plaintiff
        and the FLSA Collective