UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **WAHID RASOLI, et al.,** | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 1:22-cv-00801-PTG/IDD |
| **SPRING HOMECARE CORPORATION Dba SPRING HOME CARE CORPORATION, et al.,** | : |
| Defendants. | : |

**JOINT MOTION FOR APPROVAL OF
SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiffs Wahid Rasoli, Gulistan Abdimuratova, Zorah Jami and Mavis Agyepong ("Plaintiffs"), by and through his undersigned counsel, and Spring Homecare Corporation, dba Spring Home Care Corporation, and Shakiba Hakami (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Joint Motion seeking Court approval of their settlement reached in this Fair Labor Standards Act litigation, and pursuant to Fed. R. Civ. P. 41(a)(2) and request that the Court dismiss this case with prejudice. In support of this Motion, the parties provide as follows:

**Claims/Defenses**

1. Plaintiffs filed this case seeking damages from Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Specifically, the Complaint in this matter alleged violations of the overtime requirements.

2. Plaintiffs claimed that they were employed by Defendants to perform home health services and other related work and regularly worked in excess of forty (40) hours per work

week. The Complaint claimed that Plaintiffs were paid at an hourly rate for hours they worked and were not compensated at one and a half times (1.5x) his regularly hourly rate for all hours alleged worked in excess of forty (40) hours per workweek.

3. Defendants acknowledge in their Answer that Plaintiffs worked for Defendant Spring Homecare Corporation, denied that Plaintiff was not paid properly for all overtime hours worked, and, therefore, that Plaintiffs were properly paid and no violation of the FLSA exists.

### Discovery and Reasons for Settlement

4. The parties engaged informally engaged in discovery by exchanging some documents and identifying witness information and pursuant to Rule 26. The parties by counsel also discussed the case, reviewed records, and discussed the claims.

5. Despite the potential witnesses on both sides and the debate over whether Plaintiff worked overtime hours, the parties recognize there were risks in continuing with the litigation.

### The Parties Seek Approval of the Settlement Agreement as Fair and Reasonable

6. The parties have now entered into the Settlement Agreement. *See* Exhibit A.

7. Regarding the settlement of FLSA claims, "there is a judicial prohibition against the unsupervised waiver or settlement of claims." *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16, 66 S. Ct. 925, 90 L. Ed. 1114, (1946)). However, "[c]laims for FLSA violations can, of course, be settled when the settlement is supervised by the DOL or a court." *Taylor v. Progress Energy, In*c. at 374. Further, when a proposed settlement of an FLSA claim is presented for approval, "the district court may enter a stipulated judgement after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)(citations omitted).

8. Factors a court weighs when considering approval of an FLSA settlement include: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expenses and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits; and (6) the amount of settlement in relation to the potential recovery. *Patel v. Barot*, 15 F.Supp. 3d 648, 656 (E.D.Va. 2014).

9. In this case, the parties essentially conducted discovery while in settlement posture. Therefore, the parties were provided with enough information to weigh the strengths and weaknesses of their positions, and were able to settle the case prior to incurring additional litigation expenses which, given the amount of recovery sought and probable recovery, benefitted both of the parties.

10. There was no fraud or collusion involved in the Settlement. Counsel for both parties are experienced litigators, each having litigated FLSA cases, who engaged in arms-length negotiations to come to a resolution with judicial oversight.

11. Regarding attorneys' fees, Plaintiff's counsel is to receive payment for the time actually worked on this case, at reasonable rates based upon the attorney's level of experience. Plaintiff's counsel is to receive payment in the form of 35% contingency fee, pro rata, which equates to less than the hours spent in the case at below market rates in an effort to promote resolution by the parties.

12. In sum, Plaintiff entered into the Settlement Agreement freely, without collusion, and the Settlement Agreement was reached after arms-length negotiations by the parties and their counsel. The parties are satisfied with the settlement and seek the Court's approval of the settlement as soon as possible.

## Conclusion

The parties have mutually agreed to a Settlement Agreement embodying terms which are fair, including a reasonable attorneys' fee to Plaintiff's counsel. The parties do not wish to be returned to contested litigation and ask that the Court approve the settlement.

WHEREFORE, the parties jointly, respectfully request that the Court grant this Motion, approve this proposed FLSA settlement, and dismiss this action with prejudice. Counsel for the parties jointly waive the request for the hearing but remain available for a hearing if the Court requests one to ratify the Settlement Agreement.

Date: July 25, 2023                                         Respectfully Submitted,

**WAHID RASOLI, et al.,** *By Counsel*           703-684-0048
                                                           703-684-9017 facsimile
                                                           dbracken@dsbpc.com


_____/s/_____
Robert Franklin Powers, Esq.
McClanahan Powers PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
703-520-1326
Fax: 703-828-0205

**SPRING HOMECARE CORPORATION
Dba SPRING HOME CARE
CORPORATION
SHAKIBA HAKAMI**, By counsel


_____/S/_____
David S. Bracken, Esq.
Va. Bar No. 26512
David S. Bracken, P.C.
333 North Fairfax Street, Suite 204
Alexandria, VA 22314

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 25, 2023, the foregoing Document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              /s/David Bracken
                                              Counsel for Defendants